UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EDWIN GREGORIO LARIO-MUNOZ,

                Petitioner,                Case No. 1:13-cv-804

v.                                                      Honorable Janet T. Neff

CARMEN D. PALMER,

                Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner Edwin Gregorio Lario-Munoz is a state prisoner presently incarcerated at the Michigan Reformatory. Following a jury trial in the Kent County Circuit Court,[1] Petitioner was convicted of assault on a pregnant individual with the intent to cause miscarriage/stillbirth, MICH. COMP. LAWS § 750.90a, assault with intent to rob while armed, MICH. COMP. LAWS § 750.89, assault with intent to commit murder, MICH. COMP. LAWS § 750.83, and second degree murder, MICH. COMP. LAWS § 750.317. On November 19, 2009, Petitioner was sentenced to respective terms of 9 to 15 years, 20 to 40 years, 20 to 40 years and 35 to 90 years imprisonment.

Petitioner appealed his convictions to the Michigan Court of Appeals. In the brief filed by counsel, Petitioner raised the following ground: whether offense variable three, seven and thirteen were incorrectly scored, resulting in an inappropriately inflated sentencing guidelines range and, as a result, whether defendant is entitled to resentencing under state statute and because his state and federal constitutional due process rights to be sentenced based on accurate information were denied. In an unpublished, *per curiam* opinion issued June 30, 2011, the court of appeals found no error in sentencing and affirmed. Petitioner sought leave to appeal to the Michigan Supreme Court, which was denied on February 1, 2012. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, nor did he file a motion for relief from judgment pursuant to MICH. CT. R. 6.500.

---

[1] Petitioner was tried twice. His first trial resulted in convictions that were reversed on appeal. *See People v. Lario-Munoz*, 483 Mich. 1130; 767 NW2d 442 (2009). Petitioner was retried and convicted by a jury.

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on February 12, 2012. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on May 1, 2012.

Petitioner had one year from May 1, 2012, to file his habeas application. Petitioner filed on July 26, 2013. Obviously, he filed more than one year after the time for direct review expired. Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005));

*Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260. Petitioner has failed to establish either element, consequently, equitable tolling does not apply.

Petitioner concedes that his petition is untimely but contends that an extraordinary circumstance requires the application of equitable tolling. Specifically, Petitioner claims that equitable tolling should apply here because he does not speak or write English and this prevented him from timely filing his petition.[2] The Sixth Circuit has held that:

> where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.

*Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).

Petitioner has failed to establish that language difficulties prevented him from filing his habeas petition in a timely manner. Petitioner states that he does not speak or write in English. However, he does not offer any evidence to support this statement. There is no indication in his petition or the exhibits attached to his petition that he required the assistance of an interpreter at trial or that the tape recorded evidence that was played for the jury at the trial was translated into English.[3] Petitioner was clearly able to communicate with the person who helped him prepare his habeas petition, belying his claim that his language difficulties made it impossible for him to timely file his

---

[2]In addition to his petition, Petitioner filed a motion to accept late pleading. (Docket #3). The Court has considered the motion along with the allegations in the petition. For the reasons set forth herein, it is recommended that the motion be denied.

[3]"The police questioned [Petitioner] three more times and recorded those sessions, which were played for the jury." (Docket #2-1, Page ID#35).

petition.[4] *Soto v. Birkett*, 2006 WL 2850578, *7 (W.D.Mich. Oct. 3, 2006) (Petitioner's illiteracy did not prevent him from filing a number of pleadings in the Michigan appellate courts, and a § 2254 petition in federal court. Even assuming Petitioner received assistance in drafting those documents, he was clearly able to communicate with someone who could help him.)[5]

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). *See also Cobas,* 306 F.3d at 444 ("[A]n inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

Even if Petitioner could establish that his inability to understand English was an extraordinary circumstance requiring the application of equitable tolling, Petitioner has entirely failed to establish that he has been pursuing his rights diligently. Petitioner does not explain what, if any effort he made to "procure legal materials in his own language or translation assistance from

---

[4]Notably, Petitioner does not identify the language he does understand, nor is there any evidence that the inmate who assisted him in preparing his habeas petition understands any language other than English. Additionally, there is no explanation why Petitioner could not have obtained timely assistance from the inmate who helped him prepare his petition.

[5]Petitioner concedes that his state appellate counsel sent him a letter telling him about the one-year statute of limitations for filing a habeas petition. It strains credulity to believe that Petitioner's state appellate defender would not be aware of Petitioner's language difficulties and that she would send him a letter advising him of critical statute of limitations information in a language he did not understand.

an inmate, library personnel, or other source." *Jamil v. McQuiggin*, 2011 WL 2847708, *6 (E.D.Mich. July 19, 2011)(quoting *Mendoza v. Carey,* 449 F.3d 1065, 1070 (9th Cir. 2006). Petitioner also does not explain why, during the more than 14 months after the Michigan Supreme Court denied his application for leave to appeal, he was unable to obtain the assistance of the inmate who ultimately helped him file the instant, untimely petition. Because Petitioner has failed to establish either of the required elements, equitable tolling does not apply.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to making a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner does not claim that he is actually innocent. Because Petitioner has not provided evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547

U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I also recommend that Petitioner's motion to accept late pleading be denied. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date: September 4, 2013         /s/ Ellen S. Carmody
                                ELLEN S. CARMODY
                                United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).